NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENDIS AZUCENA ROMERO; et al., | No.    16-73357 |
| Petitioners, | Agency Nos.    A206-803-891 |
| v. | A206-803-892 |
| | A206-803-893 |
| JEFFERSON B. SESSIONS III, Attorney General, | A206-767-730 |
| | A206-767-734 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Glendis Azucena Romero and her family, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Romero's past experiences in El Salvador do not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding of past persecution); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted). Further, substantial evidence supports the agency's determination that Romero failed to establish an objectively reasonable fear of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution"). In light of our conclusion, we do not reach Romero's particular social group contentions. Thus, petitioners' asylum claim fails.

In this case, because petitioners failed to establish eligibility for asylum, they

16-73357

failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Romero failed to show it is more likely than not that she will be tortured with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED**.